# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EVELYN ROMÁN HUERTAS,<br><br>**Plaintiff**,<br><br>v.<br><br>HOSPITAL EPISCOPAL SAN LUCAS GUAYAMA, et al.,<br><br>**Defendants** | **CIVIL NO.** 18-1807 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court are Hospital Episcopal San Lucas Guayama, Inc.'s *Motion to Dismiss* (Docket No. 6) and Dr. Edward Hernández-Ramírez's *Motion Requesting Abstention from Exercising Jurisdiction.* (Docket No. 27). Simply stated, co-defendants request that this Court abstain from considering this medical malpractice action because plaintiff Evelyn Román-Huertas is currently litigating identical claims and allegations in a pending state court action. After reviewing the parties' arguments, the documents on record and the applicable law, the Court hereby **GRANTS** Defendants' requests for abstention pursuant to the Colorado River doctrine.

## I. BACKGROUND

On June 14, 2015, Evelyn Roman-Huertas ("Roman" or "Plaintiff") sued Hospital Episcopal San Lucas Guayama, Inc.

("HSL" or the "Hospital"), Dr. Luis Miranda Iglesias, and other unnamed Defendants for medical malpractice in the Superior Court of Puerto Rico, Guayama Part ("state court"), Civil No. GDP-2015-0081(307). (Docket No. 39-1). At the time, Roman was a resident of Guayama. Id. at 1.

Almost three (3) years later, on June 11, 2018, Roman requested leave to amend the complaint and substitute two unknown parties for Dr. Edward Hernández-Ramírez ("Dr. Hernández") and Dr. José Angleró-Ramos. (Docket No. 39-2 at 2). According to the *Amended Complaint*, Roman remained a resident of Guayama. Id. at 5.

Plaintiff then filed her *Second Amended Complaint* in state court on October 15, 2018, in which she substituted Dr. José Angleró-Ramos for Dr. Ives [sic] Rivera-Hernández. (Docket No. 39-3). In her *Second Amended Complaint*, Plaintiff indicated for the **first time** that she was a resident of Orlando, Florida. Id. at 1.

On October 26, 2018, Roman filed in federal court the present medical malpractice action pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141-5142, against HSL, Dr. Edward Hernandez, Dr. Ives [sic] Rivera Hernández and other unnamed defendants, i.e. the applicable insurance companies, the physicians' spouses and their conjugal partnerships (collectively, "Defendants"). (Docket No. 1). In her federal *Complaint*, Roman asserts that "[t]his case is not time barred because either it **was timely filed first before the Superior Court**

**of Puerto Rico, Guayama Part,** under Civil No. GDP-2015-0081 (307) or because the identity of one or more of the Defendants was recently discovered." Id. at 1 (emphasis added).

On November 15, 2018, Dr. Edward Hernández-Ramírez (Dr. Hernández) moved for dismissal of the state court case, claiming that the allegations against him were time-barred because he was not an unknown party at the time the *Complaint* was originally filed in state court. (Docket No. 39-4 at 1-2).

Subsequently, Plaintiff requested the voluntary dismissal of her *Second Amended Complaint* before the state court. (Docket Nos. 10 ¶ 7; 27 ¶ 6). Co-defendants Dr. Hernández and HSL filed separate motions in opposition to Plaintiff's request for voluntary dismissal of her state action. (Docket No. 39-5 ¶ 2).

With regards to this federal action, HSL filed a *Motion to Dismiss for Lack of Jurisdiction or in the Alternative this Court Should Abstain from Exercising Jurisdiction* on November 30, 2018. (Docket No. 6). The Hospital alleges that the federal *Complaint* should be dismissed (1) for lack of jurisdiction because Plaintiff "relocated to create diversity after three years of litigation in the state forum" or (2) on grounds of *forum non conveniens*. Id. ¶¶ 1 and 28. In the alternative, HSL also argues that the Court should abstain from exercising jurisdiction pursuant to the Colorado River abstention doctrine. Id. ¶¶ 25-26.

In response, Plaintiff filed an *Opposition to Motion to Dismiss* contending that: (1) this Court has jurisdiction because complete diversity existed when the federal suit was filed; (2) *forum non conveniens* does not apply between state and federal courts; and (3) none of the abstention doctrines, including Colorado River, apply to the present case. (Docket No. 10 ¶¶ 4, 8-13; 17).

Dr. Hernández filed his own *Motion Requesting Abstention from Exercising Jurisdiction* on March 17, 2019, in which he posits that this Court should abstain from ruling on the case pursuant to Colorado River to avoid inconsistent determinations as well as the repetition of efforts, time and increased costs. (Docket No. 27 at 6). On her part, Dr. Yves J. Rivera-Hernández adopted Dr. Hernández's *Motion* by reference and joined his request for this Court's abstention. (Docket No. 32 ¶ 3). Likewise, HSL filed a *Response in Support of [Hernández's] Motion for Abstention*. (Docket No. 33).

Lastly, On March 15, 2019, Plaintiff filed an *Opposition to Motion Requesting Abstention*, reiterating, verbatim, her contention that none of the abstention doctrines are applicable to this case. (Docket No. 35).

At the time of this Opinion and Order, the Superior Court of Guayama has not granted Plaintiff's request for voluntary dismissal nor has it ruled on Dr. Hernández's dispositive motion.

**II. DISCUSSION**

**A. *Forum Non Conveniens***

HSL requests dismissal invoking the common law doctrine of *forum non conveniens*. (Docket No. 6 at 6-8). This doctrine "permits discretionary dismissals on a case by case basis, where an alternative forum is available in another nation which is fair to the parties and substantially more convenient for them or the courts." Mercier v. Sheraton Intern., Inc., 981 F.2d 1345, 1349 (1st Cir. 1992) (internal quotations omitted). When applying the *forum non conveniens* doctrine, "the court must consider and reasonably balance all relevant public and private interest factors," as listed by the Supreme Court. Standard Quimica De Venezuela, C.A. v. Cent. Hispano Int'l, Inc., 989 F. Supp. 74, 79 (D.P.R. 1997) (1st Cir. 1996) (citations omitted). The "private interest" factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for unwilling witnesses; (3) the comparative trial costs; and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 719 (1st Cir. 1996) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). "Public interest" factors include: (1) the practical administrative difficulties of requiring that a busy court hear a case more fairly adjudicated elsewhere; (2) the burden imposed on jurors called to hear a case

that has no relation to their community; (3) the interest in having localized controversies decided at home; and (4) the familiarity of the court with applicable laws. *See* Gilbert, 330 U.S. at 508-509, Nowak, 94 F.3d at 719-720.

Prior to the enactment of 28 U.S.C. § 1404(a), which codified this principal for domestic use and allows for transfer within judicial districts of the United States, *forum non conveniens* applied within the United States as well. *See e.g.* Gilbert, 330 U.S. 501 (1947); Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S. Ct. 544, 546, 99 L. Ed. 789 (1955) ("Congress, in writing s 1404(a), […] was revising as well as codifying. The harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in s 1404(a) for transfer.").

Following 28 U.S.C. § 1404(a)'s enactment, "*forum non conveniens* today applies only when the superior forum is in a foreign country, or perhaps, under rare circumstances, a state court or a territorial court." 14D Charles Alan Wright and Arthur R. Miller, Fed. Practice and Procedure Jurisdiction § 3828 (4th ed. 2019). All the cases cited by HSL involve **foreign** alternate forums. (Docket No. 6 at 6-8). To state the obvious, the U.S. District Court for the District of Puerto Rico is **not** located in a foreign country or even a different State or territory of the United States vis-à-vis a court of the Commonwealth of Puerto Rico.

It is difficult, if not impossible, to envision a case where application of *forum non conveniens* analysis would lead to the conclusion that a State court is a more convenient forum for the parties than a Federal court **located in the same State or territory** of the United States. To mention two of the private factors as an example, the relative ease of access to sources of proof and the ability to enforce a judgment are the same for a Court of the Commonwealth of Puerto Rico and this Court. Indeed, HSL has **not** brought to the Court's attention any precedent where a U.S. District Court dismissed a case in favor of a state or territorial court located in the same state or territory as the District Court. HSL's *forum non conveniens* argument lacks merit.

### B. The Colorado River Abstention Doctrine

It is well established that the existence of a pending, parallel action "in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." McClellan v. Carland, 217 U.S. 268, 282 (1910). *See e.g.* Bacardi Int'l Ltd. v. V. Suarez & Co., 719 F.3d 1, 14 (1st Cir. 2013) (holding that parallel litigation in state court is not uncommon and will not in and of itself merit a stay in federal court); Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 27 (1st Cir. 2010)(citation omitted) ("Concurrent federal-state jurisdiction over the same controversy does not generally lessen the federal

courts' 'virtually unflagging obligation ... to exercise the jurisdiction given them.'")

As an exception to this rule, in Colorado River Water Conservation District v. U.S., the United States Supreme Court established that in **exceptional cases**, "the pendency of a similar action in state court may merit federal abstention based on 'considerations of wise judicial administration' that counsel against duplicative lawsuits." Jimenez, 597 F.3d at 27. (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). Therefore, "[a]bdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Colorado River, 424 U.S. at 813. Regarding Colorado River, the First Circuit has cautioned that "[o]f all the abstention doctrines, it is to be approached with the most caution." Jimenez, 597 F.3d at 27.

When determining if the Colorado River abstention doctrine applies to a case, courts must conduct the "exceptional-circumstances test". See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16 (1983). Said test asks that a Court entertaining the case consider the following eight (8) factors:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding

> piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

Rio Grande Cmty. Health Ctr. v. Rullan, 397 F.3d 56, 71-72 (1st Cir. 2005). No single factor is "necessarily determinative." Colorado River, 424 U.S. at 818-19. Instead, "a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Id.

First, it is worth noting that no party has argued that the federal and state actions are insufficiently parallel to trigger the Colorado River doctrine. Instead, Plaintiff specifically asserts that her federal *Complaint* is not time-barred **because** of her state court case. (Docket No. 1 at 1). Roman contends that the federal litigation is not duplicative considering her pending motion for voluntary dismissal, which she proclaims the Guayama Court "cannot refuse." (Docket No. 10 ¶ 7). However, Plaintiff's motion for voluntary dismissal has been pending before the Guayama court since 2018 and has yet to be resolved. (Docket No. 39-5 ¶ 2). Furthermore, Plaintiff does not offer **any** authority to support her claim that the court **must** grant her motion for voluntary dismissal **prior** to ruling on Dr. Hernández's *Motion to Dismiss*, especially after receiving motions in opposition to dismissal from

Defendants. Id. Thus, the Court must proceed to balance the aforementioned Colorado River abstention doctrine factors.

From the outset, it is evident that several factors have no impact on the case, because they are either inapplicable or neutral. First, there is no *res* in controversy. Likewise, both the federal and Puerto Rico forums are (a) equally geographically convenient and (b) can adequately protect the parties' interests. *See* United States v. Fairway Capital Corp., 483 F.3d 34, 43 (1st Cir. 2007) (finding that the adequacy of the state forum is only relevant or important "when it disfavors abstention."). Similarly, even though no issues of federal law are raised in the *Complaint* and "no federal interest would be served by retaining jurisdiction over the case," Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc., 751 F.2d 475, 477 (1st Cir. 1985), given that no "complex [o]r novel issues of local law are apparent," no weight should be given to the controlling law factor. Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 118 (1st Cir. 2012). The remaining four (4) factors however, tilt the balance in favor of abstention.

*1) Piecemeal litigation*

When analyzing this factor, "the district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in the Commonwealth court." Villa Marina Yacht Sales, Inc. v. Hatteras

Yachts, 947 F.2d 529, 535 (1st Cir. 1991). In other words, concerns regarding piecemeal litigation "should focus on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora." Gonzalez v. Cruz, 926 F.2d 1, 4 (1st Cir. 1991). Here, the Guayama court is currently entertaining "an issue of state law which could moot or otherwise inform the federal litigation." Currie v. Grp. Ins. Comm'n, 290 F.3d 1, 3 (1st Cir. 2002). (Docket No. 39-4). *See also* Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1289 (7th Cir. 1988) (staying a case pursuant to Colorado River because the claims in the federal suit could be mooted by a prior pending state litigation.)

Specifically, Dr. Hernández posits that all claims against him are time-barred. (Docket No. 39-4, 1-2). Plaintiff explicitly states that her current federal lawsuit is not time-barred **because** of her prior state court case. (Docket No. 1 at 1). Given that Plaintiff's federal complaint is predicated on the existence of a state court claim whose timeliness is currently being questioned in the state forum, the Court finds that there are exceptional conditions that favor avoiding piecemeal legislation in this case.

*2) The order in which the forums obtained jurisdiction*

The First Circuit has characterized the label of this factor as "a misnomer" because, the strict order in which courts obtain jurisdiction is less important than the relative progress of the

suits. *See* Jimenez, 597 F.3d at 30 (quoting Gonzalez, 926 F.2d at 4). Therefore, determining "the order in which jurisdiction was taken is not a mechanical concept automatically favoring the party who files first, but rather a concept that favors the case that is the more advanced at the time the *Colorado River* balancing is being done." Elmendorf Grafica, Inc. v. D.S. Am. (E.), Inc., 48 F.3d 46, 52 (1st Cir. 1995).

In this case, the parties disagree regarding how much progress *occurred* in the pending state court litigation. HSL claims that during the three years of litigation, it had to repeatedly move the Guayama Court to order Plaintiff to secure an expert and that Plaintiff continuously requested extensions of time and took more than a year to respond to discovery requests. (Docket No. 6 ¶ 5-13). Dr. Hernández repeats that the parties have been litigating the state-court case for four (4) years. (Docket No. 27 at 6). On her part, Plaintiff asserts that there has been no discovery nor status conferences since the filing of their *Amended Complaint*. (Docket No. 35 ¶ 3). It is worth noting that neither party has proved their allegations regarding the relative progress of the state court litigation with affidavits. Although the parties disagree as to the relative progress of the state court litigation, it is undeniable that **the Puerto Rico forum acquired jurisdiction more than three (3) years before this District**. It also appears that at least some discovery has occurred in the state litigation.

Civil No. 18-1807 (RAM)                                    13

(Docket Nos. 6 and 35). In the federal litigation, a review of the Docket shows that no hearings have been scheduled nor has any discovery been conducted. Thus, said three-year gap, coupled with even limited discovery, evinces that the state court litigation has more relative progress, which in turn weighs against the exercise of federal jurisdiction. Moreover, although several Circuit Courts have found that "the filing of a second lawsuit by the same plaintiff" favors abstention, the First Circuit examines this "in the light of the motivation of the plaintiff in filing the second suit," which is discussed below. Gonzalez, 926 F.2d at 4 (citing American Int'l Underwriters v. Continental Ins. Co., 843 F.2d 1253 (9th Cir. 1988); LaDuke v. Burlington Northern R.R. Co., 879 F.2d 1556 (7th Cir. 1989); Interstate Material Corp. v. City of Chicago, 847 F.2d 1285 (7th Cir. 1988); Telesco v. Fuel and Masons, 765 F.2d 356 (2d Cir. 1985)).

*3) The vexatious or contrived nature of the federal claim*

This factor requires that the Court scrutinize a plaintiff's motive for filing a second federal claim. Specifically, it is intended to prevent forum shopping on behalf of a plaintiff who "rushes to the federal courthouse solely in reaction to its failure in the state court, and in the hopes of obtaining a more favorable determination." Valle-Arce v. Puerto Rico Ports Auth., 585 F. Supp. 2d 246, 253 (D.P.R. 2008) (citing Malave v. Centro Cardiovascular

de Puerto Rico y Del Caribe, 485 F. Supp. 2d 6, 9-10 (D.P.R. 2007)).

Here, Plaintiff filed her federal *Complaint* only once the conditions for diversity jurisdiction were created, **years** after her state lawsuit began. Moreover, Plaintiff continued to litigate in the Guayama court **even after** she was no longer residing in Puerto Rico. *See* Villa Marina Yacht Sales, 947 F.2d at 534 ("Villa Marina initially chose the Commonwealth forum in which to file claims […] showing no concern for the lack of jury trial, right to appeal or limitation of qualified counsel."). Perhaps, the best indication that Plaintiff's federal *Complaint* is contrived and an attempt to forum shop is Roman's own admission. When responding to HLS' claim that Plaintiff was forum shopping, she retorted:

> Generally, forum shopping means filing an action in a location that a plaintiff considers advantageous. Sequa Corp. v. Aetna Casualty & Surety Co., 1990 Del. Super. LEXIS 303 (Del. Super. Ct. Mar. 16, 1990). Did Plaintiff considered [sic] this federal forum advantageous when she filed this action on Oct. 26, 2018? **Of course, she did!**

(Docket No. 10 ¶ 6) (emphasis added).

Additionally, much less dramatic cases than the one pending before the Court have been characterized as both vexatious and contrived. In Interstate Material Corp. v. City of Chicago, the Seventh Circuit found that a federal suit was vexatious and contrived because it was filed **within seven months of the state claim and sought substantially the same relief from the same**

**parties, with no justification as to why all claims and parties could not be part of one suit**. *See* Interstate Material Corp.,847 F.2d at 1289. Hence, there are sufficient grounds to find that Roman's substantially similar federal Complaint filed **three years** after her state complaint without any justification is contrived.

*4) Principles underlying removal jurisdiction*

The removal statute, 28 U.S.C. § 1441, "reflect[s] a Congressional intent that a plaintiff should not be permitted to alter the forum that it selects to litigate its claim against a particular defendant." American Int'l Underwriters*,* 843 F.2d at 1261. Allowing a plaintiff who initiates an action in state court, to subsequently present the same claim in federal court when "events in the state court have taken an unfavorable turn," is analogous to validating removal by a plaintiff. *See* Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 762 F. Supp. 1007, 1010 (D.P.R. 1991), aff'd, 947 F.2d 529 (1st Cir. 1991). *See also* Spark Energy Gas, LP v. Toxikon Corp., 864 F. Supp. 2d 210, 221 (D. Mass. 2012) (finding that the factor regarding respect for removal principals "weighs in favor of abstention when the same plaintiff attempts to litigate the same issues in both forums.") By filing a parallel complaint with the same issues in federal court, **three years** after her state court complaint, Roman is essentially circumventing the principles underlying removal jurisdiction. Thus, this factor also favors abstention.

### III. CONCLUSION

Although half of the Colorado River factors were neutral or inapplicable, as discussed above, an analysis of the remaining four (4) factors leads the Court to conclude that this is an extraordinary case that warrants abstention under this doctrine. Therefore, HSL's *Motion to Dismiss* at Docket No. 6 is **GRANTED** in part and **DENIED** in part and Dr. Hernández's *Motion Requesting Abstention from Exercising Jurisdiction* at Docket No. 27 is **GRANTED**. Plaintiff's *Complaint* is hereby dismissed without prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 3rd day of March 2020.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge